## Chew v. Police Jury of Rapides.

An application for a new trial on the ground of newly discovered evidence, must be supported by the affidavit of the party making the application, and not by the oath of his counsel, unless some sufficient reason be shown why the party cannot take the required oath. The counsel may be ignorant of evidence material to the defence of the cause, and the client fully informed of its existence.

APPEAL from the District Court of Rapides, *Boyce*, J. *Hyams*, for the plaintiff. *O. N. Ogden*, for appellants. The judgment of the court was pronounced by

King, J. The defendants were sued on a draft, or warrant, drawn upon a particular fund. The defences opposed to the action are, that the president of the police jury was not authorised to sign the warrant, and that the warrant was drawn to be paid out of a special tax, which was never collected. A judgment was rendered in favor of the plaintiff. The defendants then moved for a new trial, on the ground that new and material evidence had been discovered, by which a payment could be proved to have been made on account of the draft. The application was supported by the affidavit of the defendants' counsel, that the evidence by which he expected to establish the payment was discovered by him on the trial of the cause and after the judgment was rendered, although due diligence had been used to procure the testimony before the trial. The application was overruled, and the defendants have appealed.

The district judge did not, in our opinion, err. The application for a new trial on the ground of newly discovered evidence, should be supported by the affidavit of the party making the application, unless some sufficient reason be shown why he could not take the required oath. The affidavit in support of this motion was not made by the defendants but by their counsel, who has not sworn that his clients were ignorant either of the alleged payment, or of the testimony by which it could have been proved. The counsel may well be ignorant of evidence material to the defence of the cause, and the client fully informed of its existence.

The execution of the draft, the authority of the president of the police jury to sign it, and the construction of the work in payment of which it issued, were fully proved on the trial. The draft was the evidence of a debt due by the parish. It was assignable; and the police jury were bound to provide the means for discharging it.          *Judgment affirmed.*